FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 10 2009

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL ALLEN and GENE ALLEN,
Husband and Wife,

    Plaintiffs,

V.                              No. CV 08-1102 BRB/RHS

GENUINE PARTS COMPANY (GPC), NATIONAL
AUTOMOTIVE PARTS ASSOCIATION (NAPA),
PATRICIA HUNLEY, and JOHN DOES 1-5,

    Defendants.

## STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION OF MEDICAL, PERSONNEL & FINANCIAL INFORMATION

THIS MATTER comes before the Court upon stipulation of the parties regarding the exchange of medical and personnel information and documents, and the Court, being fully advised in the matter, FINDS as follows:

1. Information hereinafter referred to as "Confidential Information" includes:

   A. Medical information and documents in the possession of Defendant contains information that may or would cause harm to the parties if such information was disclosed to persons outside the litigation of the case at issue; and

   B. Personnel information and documents in the possession of the parties contain personal identifying and financial information and other information which may or would cause harm to the parties if such information was disclosed to persons outside the litigation of the case at issue.

2. Pursuant to Rule 1-026(c), and in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding any claims of Confidential Information, the exchange of Confidential Information shall be subject to the provisions of this order as set forth below.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. This order shall apply to any and all medical and personnel information and documents produced by either party at any time in this action (from inception to conclusion).

2. When producing or exchanging any information covered by this Order, the parties shall designate the documents as confidential by stamping the cover or first page, "CONFIDENTIAL." Such designation shall be made at the time when the Confidential Information is provided.

3. All Confidential Information produced or exchanged in the course of discovery in this litigation shall be used solely for the purpose of this litigation, up until and including final judgement, settlement or appeal.

4. All Confidential Information designated in accordance with paragraph 2 above, shall be available only to the following persons:

    A. **Attorneys.** Attorneys employed or retained by the named parties in the case, including in-house as well as outside counsel;

    B. **Employees or Agents.** Employees who are working directly on the litigation under the direction of the attorneys;

    C. **Experts.** Any independent experts retained by the parties whose advice or consultations are being or will be used in connection with preparation for trial or trial of this action; provided however, that before such access is given, such independent expert has agreed to be bound by the terms of this Order (party retaining said expert or experts shall notify opposing counsel that said expert or experts has been informed of the Confidentiality Order and has agreed to be bound by it);

    D. **Party.** Any party to this litigation or present or former employees of Defendant whose testimony is to be taken in this litigation or whose knowledge of facts is reasonably required in the preparation or resolution of this litigation, provided, however, that before such access is given, such former employee has agreed to be

    bound by the terms of this Order (counsel shall notify opposing counsel that said witness or witnesses has been informed of this Confidentiality Order and has agreed to be bound by it); and

  E. **Other Persons by Agreement.** Any other person under such terms as agreed upon by the parties and/or by the order of the Court.

5. Without prior written agreement of counsel or order of the Court, Confidential Information shall not be filed with the Clerk of the Court or included in whole or in party in pleadings, motions or briefs, or shall only be filed under seal.

6. Confidential Information may be used during testimony int his action, both during trial and during discovery, and may be offered into evidence at trial of this action, subject to the New Mexico Rules of Evidence and subject to any further order as this Court may enter, and may be used to prepare for and conduct discovery and trial, but may not be used for any other purpose, either during or after the conclusion of this litigation.

7. Either party may within thirty (30) days from the entry of this order designate any medical information or personnel information produced in this matter as "Confidential Information." Thereafter, each party has an additional fifteen (15) days to object or challenge any such designation by filing a motion with the Court. In the event any such motion is filed, any information or documents at issue shall not be attached as an exhibit to the Motion or filed of record with the Court, subject to the further order of the Court. To maintain confidential status after filing of such Motion, the proponent of confidentiality must then show by a preponderance of the evidence that there is good cause for the information to have such protection.

8. Thereafter and in connection with any documents or information produced after the entry of this Order, any party may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other persons that designated the document or item as confidential shall be given notice

notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the information to have such protection.

9. Upon the conclusion of this litigation (up to and including any appeal from any judgment), and subject to further order of this Court or written stipulation of the parties, the parties shall return to each other all documents, exhibits and copies thereof containing Confidential Information.

10. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of the documents and information sought.

*Robert H. Scott*   7-10-09

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

APPROVED:

BENCOE & LACOUR LAW P.C.
Attorneys for Plaintiff
9201 Montgomery Blvd. NE, Suite 404
Albuquerque, New Mexico 87111
(505) 247-8800

AND

LAW OFFICE OF MIKE GALLEGOS
Co-counsel for Plaintiff
1602 San Pedro NE
Albuquerque NM 87110
(505) 266-4822

By: _____
LORI M. BENCOE

AND

MILLER STRATVERT P.A.
Attorneys for Defendants
500 Marquette NW Ste. 1100
Albuquerque, NM 87102
(505) 842-1950

BY: ___electronically approved 7/09/09___
TODD SCHWARZ